UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LONNIE E. THOMAS,

    Plaintiff,

v.

CITY OF COLUMBUS, et al.,

    Defendants.

Case No. 2:15-cv-2469
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

## ORDER

Defendants have moved the Court for leave to file various exhibits to their Motion for Summary Judgment [ECF No. 48] under seal. (Mot. for Leave at 1 [ECF No. 47].) Defendants explain that the exhibits, which accompany the affidavit of Jason Sprague, "fall within the documents which are subject to the Stipulated Protective Agreement" in this case. (*Id.* at 2.) And according to Defendants, "[t]here is no prejudice to any party because such protection is provided for in the agreement." (*Id.*)

In a recent decision—*Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*—the Sixth Circuit outlined the rigorous standard that a litigant must satisfy before it can obtain leave to file a document under seal. 825 F.3d 299, 305–06 (6th Cir. 2016). As the Sixth Circuit explained in that case, "there is a stark difference between so-called 'protective orders' entered pursuant to the discovery provisions of Federal Rule of Civil Procedure 26, on the one hand, and orders to seal court records, on the other. . . . 'Secrecy is fine at the discovery stage, before the material enters the judicial record.'" *Id.* at 305 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)). Different considerations apply, however, at the adjudication stage. *Id.* "The line between these two stages, discovery and adjudicative, is crossed when the

parties place material in the court record. Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court record.'" *Id.* (internal citation omitted) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)).

Courts have long recognized a "'strong presumption in favor of openness' as to court records. *Brown & Williamson*, 710 F.2d at 1179. The burden of overcoming that presumption is borne by the party that seeks to seal them." *Shane Grp.*, 825 F.3d at 305. "'Only the most compelling reasons can justify non-disclosure of judicial records.'" *Id.* (quoting *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). Accordingly, a party moving to seal documents must "'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Id.* at 305–06 (quoting *Baxter*, 297 F.3d at 548). And, likewise, "a district court that chooses to seal court records must set forth findings and conclusions 'which justify nondisclosure to the public.'" *Id.* at 306 (quoting *Brown & Williamson*, 710 F.2d at 1176).

Here, Defendants' request to seal their exhibits falls short of satisfying this standard, and the Court, consequently, **DENIES** Defendants' Motion for Leave [ECF No. 47]. The Court's denial is without prejudice to a later refiling that satisfies the standards enumerated in the Sixth Circuit's *Shane Group* decision.

**IT IS SO ORDERED.**

1-4-2017
DATE

EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE