# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**LONNIE E. THOMAS,**

    **Plaintiff,**

v.

**CITY OF COLUMBUS, et al.,**

    **Defendants.**

Case No. 2:15-cv-2469
**CHIEF JUDGE EDMUND A. SARGUS, JR.**
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

On January 25 and 29, 2018, the Court issued orders directing Plaintiff Lonnie E. Thomas to show cause why his case should not be dismissed for failure to prosecute. Because Plaintiff has failed to prosecute his case—and failed to show good cause why his case should not be dismissed for that lack of prosecution—the Court **DISMISSES** Plaintiff's case with prejudice.

### I.

Plaintiff filed this case on June 30, 2015. (Compl. at 1 [ECF No. 1].) In January 2017, a year and a half into the case, Plaintiff discharged his attorney. (*See* Order Granting Mot. to Withdraw at 1 [ECF No. 75].) The Court granted Plaintiff's counsel leave to withdraw and, soon after, issued an order scheduling the settlement conference for October 23, 2017, and the trial for December 4, 2017. (Order Setting Trial Date at 1 [ECF No. 77].)

Plaintiff represented to the Court that he wanted to find new counsel. (*See* Mot. for Extension at 1 [ECF No. 78].) But as of October 11, 2017, no new counsel had made an appearance for Plaintiff. (Order Directing Resp. at 1 [ECF No. 81].) Because the settlement conference was only two weeks away and the other pretrial deadlines were quickly approaching,

the Court ordered Plaintiff to inform it within seven days whether he was going to retain new counsel for trial. (*Id.*)

Plaintiff did not inform the Court within seven days whether he was going to retain new counsel. (Jan. 25, 2018 Order at 1 [ECF No. 91].) Instead, Plaintiff informed the Court at the settlement conference that he had not obtained new counsel but was still interested in finding representation. (*Id.*) To accommodate Plaintiff, the Court issued an amended scheduling order resetting the trial from December 4, 2017, to February 5, 2018. (*See* Am. Order Setting Trial Date at 1 [ECF No. 84].) The Court informed Plaintiff that the new trial date was firm and would not be changed because of Plaintiff's inability to find representation. (Jan. 25, 2018 Order at 1.)

Following the settlement conference, Plaintiff did not communicate with the Court or comply with any of the pretrial deadlines contained in the amended scheduling order. (Jan. 25, 2018 Order at 2.) To determine whether Plaintiff still intended to take his case to trial, the Court scheduled a telephonic status conference for January 25, 2018. (Notice at 1 [ECF No. 89].) The Court notified Plaintiff of the status conference by email and regular mail. (Jan. 25, 2018 Order at 2.) In its email, the Court directed Plaintiff to indicate in advance of the call whether he intended to try his case and, if so, whether he would use counsel or proceed pro se. Plaintiff did not join the conference call. (*Id.*) Nor did he comply with the Court's email instruction or communicate with the Court regarding his absence from the call. (*See id.*)

Later on January 25, the Court ordered Plaintiff to show cause within five business days why his case should not be dismissed for failure to prosecute. (Jan. 25, 2018 Order at 2.) Plaintiff's failure to respond would result in the case being dismissed with prejudice, the Court warned. (*Id.*)

Plaintiff responded within a day to the January 25 Order. (Pl.'s Resp. at 1 [ECF No. 92].)

2

He indicated that he was attempting to find representation but had been unsuccessful so far. (*Id.*) And he requested that the Court stay the case for one year so he could find a lawyer willing to represent him. (*Id.*)

Defendants responded to Plaintiff's filing and urged the Court to deny the request for a one-year stay. (Defs.' Resp. at 4 [ECF No. 93].) Instead of staying the case, the Court should dismiss it with prejudice, Defendants argued. (*Id.*)

On January 29, the Court denied Plaintiff's request for a stay and explained that Plaintiff's response had not shown good cause to avoid dismissal. (Jan. 29, 2018 Order at 1 [ECF No. 94].) The Court reminded Plaintiff that when it amended the scheduling order and reset the trial date, the Court had emphasized that the new trial date was firm and would not be changed because of his inability to find representation. (*Id.*) The Court had informed Plaintiff that he had two options: (1) try his case on February 5, with or without counsel, or (2) dismiss his case. (*Id.*)

Even though Plaintiff had not shown good cause in his response, the Court gave Plaintiff one more opportunity to save his case. In its January 29 Order, the Court directed Plaintiff to show cause within seven days why his case should not be dismissed for failure to prosecute. (Jan. 29, 2018 Order at 2.) The Court again warned Plaintiff that his failure to show good cause would result in his case being dismissed with prejudice. (*Id.*)

More than seven days have now passed, and Plaintiff has still not responded to the January 29 Order.

## II.

A federal district court has the inherent power to sua sponte dismiss a case for lack of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962). A district court may also dismiss a case for failure to prosecute upon the defendant's motion. Fed. R. Civ. P. 41(b). A

3

court's decision on whether to dismiss a case for failure to prosecute is guided by competing concerns. *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993). There is, on the one hand, the court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue his claims. *Id.* And, on the other hand, there is the policy favoring disposition of cases on their merits. *Id.* Recognizing these competing interests, the Sixth Circuit has held that a district court should dismiss a case for failure to prosecute "only in extreme situations showing a clear record of contumacious conduct by the plaintiff." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Wu v. T.W. Want, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)). When deciding whether to dismiss a case for failure to prosecute, a court should consider four factors, none of which is dispositive by itself:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999).

Plaintiff has had over a year, since January 2017, to obtain new counsel. (*See* Jan. 25, 2018 Order at 1 [ECF No. 91].) And Plaintiff has known since October 23, 2017, that his case would not be continued again and that he would therefore need to try his case (with or without counsel) or dismiss it. (*See* Jan. 29, 2018 Order at 1 [ECF No. 94].) Plaintiff, however, has not obtained new counsel. And since the October 23 settlement conference, Plaintiff has not complied with any of the pretrial deadlines contained in the amended scheduling order or corresponded with the Court about his failure to comply with those deadlines. (Jan. 25, 2018 Order at 2.) Given Plaintiff's knowledge of the case deadlines, and given his understanding that

4

the case would proceed to trial regardless of his ability to obtain new counsel, the Court views Plaintiff's conduct as willful delay.

Defendants have been prejudiced by Plaintiff's conduct, as they expended considerable time preparing for a trial date that, because of Plaintiff's failure to obtain new counsel or otherwise prepare for trial, was vacated. (*See* Defs.' Resp. at 3 [ECF No. 93]; Jan. 25, 2018 Order at 2.)

The Court warned Plaintiff in both its January 25 and January 29 orders that his failure to comply would lead to the dismissal of his case. (Jan. 25, 2018 Order at 2 ("Plaintiff is warned that his failure to respond will result in his case being dismissed with prejudice."); Jan. 29, 2018 Order at 1 ("Plaintiff's case will be dismissed with prejudice if he fails to [show good cause].").)

And finally, although the Court did not impose, or consider imposing, a less drastic sanction on Plaintiff for his failure to obtain new counsel or otherwise prepare for trial, the Court provided Plaintiff with ample time and opportunity to try his case. Plaintiff has had since January 2017 to find new counsel. (*See* Jan. 25, 2018 Order at 1.) And he has had since at least September 20, 2017, when the Court denied in part Defendants' motion for summary judgment, to prepare for trial. (Sept. 20, 2017 Op. & Order at 27–28 [ECF No. 80].)

Each of the factors considered by the Court weighs in favor of dismissal. And, when viewed as a whole, Plaintiff's conduct shows a pattern of delay and contumaciousness. Plaintiff has failed to prosecute this case, and he has failed to show good cause why his case should not be dismissed for that lack of prosecution.

### III.

For these reasons, the Court **DISMISSES** Plaintiff's case with prejudice. The Clerk is **DIRECTED** to enter final judgment in this matter.

5

IT IS SO ORDERED.

2-14-2018
DATE

EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE